<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7599**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JOHNNY JOSEPH, a/k/a Joe Sanders,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, District Judge. (4:00-cr-00067-CMC-1)

Submitted: June 30, 2011      Decided: July 12, 2011

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Johnny Joseph, Appellant Pro Se. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Joseph appeals from the district court's order denying his motion to extend the time to appeal. Because our review of the record shows that Joseph's motion to extend should have been construed as a timely notice of appeal, we vacate the district court's order.

On August 18, 2010, Joseph filed a motion to revisit his conviction. The district court returned the motion as it was unsigned. Joseph then filed a motion to clarify. In an order entered September 8, 2010, the district court granted the motion to clarify but denied the motion to reopen, construing it as a successive 28 U.S.C.A. § 2255 (West Supp. 2011) motion. The court also denied a certificate of appealability.

On October 7, Joseph filed a motion for extension of time to file an appeal and a request for a certificate of appealability. Joseph noted that the time limit in criminal cases applied, and as such, his motion was filed within the excusable neglect period. See Fed. R. App. P. 4(b) (providing notice of appeal must be filed within fourteen days of judgment but may be extended for another thirty days upon a finding of excusable neglect). He asserted that his institution had been on lockdown from September 12 to September 22, preventing his timely filing. He also contended that the district court erred in recharacterizing his motion without notice.

2

On October 29, the district court denied the motion for extension of time. The court noted that, after the lockdown was ended, Joseph still had ample time under the fourteen day appeal period in Rule 4(b)(1)(A) to file his notice of appeal. On November 12, Joseph filed a notice of appeal from the court's October 29 order. In his informal brief, Joseph asserts that the district court erred by ruling that he had not shown sufficient excusable neglect.

The determination of whether an extension of time was even required depends on whether Joseph's motion to reopen was criminal or civil in nature, as the former provides a defendant with a fourteen-day period to file a notice of appeal, while the latter has a sixty-day appeal period. See Fed. R. App. P. 4(a)(1)(B), 4(b)(1)(A). Joseph's motion to extend time was filed twenty-nine days after the district court's order denying his motion to reopen.

While both Joseph and the district court appear to believe that the criminal appeal period applies, we conclude that, in fact, the civil appeal period is applicable. The district court construed Joseph's motion as a successive § 2255 motion and counseled Joseph that a certificate of appealability was required. Moreover, the district court's construction was correct, as there is no criminal rule of procedure that permits a motion to reopen a sentence nearly a decade after conviction.

3

Thus, we conclude that Joseph's motion for extension of time should have been construed as a notice of appeal, as no extension was necessary and Joseph had clearly evinced a desire to appeal. If so construed, Joseph's appeal was clearly timely filed within the sixty day appeal period. As such, we vacate the order of the district court denying Joseph's motion to extend and remand with instructions to construe Joseph's motion to extend as a timely appeal of the denial of his motion to reopen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>